UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CHRISTY DAUZAT** | **CASE NO. 1:22-CV-03624** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNDERWRITERS AT LLOYDS LONDON** | **RETIRED MAG JDG JRS KAY** |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion to Set Attorneys' Fees and Costs and Expenses" (Doc. 31). Plaintiff and Defendant, Underwriters at Lloyds' London settled this lawsuit and request that the Court provide clarity regarding the attorneys' fees, costs, and expenses to which Plaintiff's former attorneys of the law firm McClenny, Moseley & Associates ("MMA") are entitled.

On August 24, 2022, MMA filed the instant lawsuit on behalf of Plaintiff to recover alleged unpaid damages caused by Hurricane Laura. On March 4, 2023, this Court suspended MMA and its attorneys from practicing in the Western District of Louisiana. On April 4, 2023, Plaintiff retained the Laborde Earles Law Firm to provide legal services for her claims against Defendant.

On August 22, 2023, this Court issued an order providing that "MMA and related parties have no property interest/ownership in the proceeds of any cases pending in this Court."[1] Counsel for Plaintiff asserts that MMA intends to submit a claim for attorneys' fees, costs, and expenses in this matter as follows:

---
[1] See Misc. Civil Action No. 3:23-0062, Doc. 37.

- Exact Building Consultants:   $2,500.00

- J.A. Consulting:   $1,000.00

- Service expense:   $ 50.00

- Court Registry expense   $ 50.00

- MMA also shows a deposit of $84.72 with a check to the client of $56.48 with no explanation of those sums.

Counsel for Plaintiff asserts that it has not paid Exact Building Consultants ("Exact"), but that Exact has agreed to reduce its invoice to $800.00. Plaintiff used the Exact estimate to prosecute the case, and therefore does not object to the $800.00 invoice.[2] MMA represented to counsel that the $1,000.00 invoice for J.A. Consulting had not been paid. However, counsel for Plaintiff contacted J.A. Consulting who indicated that the invoice had been fully satisfied. Plaintiff does not object to the $402.00 filing fee or the $50.00 service fee, but does object to the $50.00 expense associated with the Court's review of MMA's stayed cases after MMA was suspended from practicing in the district. As to the $84.72 check deposit and $56.48 check made payable to Plaintiff, counsel indicated that MMA should provide further explanation. MMA provided none even though it was serviced with notice of Plaintiff's motion. Finally, counsel submits that it has incurred $19.43 in expenses associated with his matter. After considering all,

**IT IS ORDERED** that the Motion to Set Attorney Fees and Costs is **GRANTED.**

**IT IS FURTHER ORDERED** that the settlement check in this matter not include the law firm of McClenny, Moseley & Associates, LLC ("MMA") as payee.

---

[2] Plaintiff submits that she is willing to directly pay the $800.00 exact invoice.

**IT IS FURTHER ORDERED** that attorney fees are assessed as 33 1/3% to the Laborde Earles Law Firm and 0% to MMA.

**IT IS FURTHER ORDERED** that the filing fee of $402.00 and the service fee of $50.00 is assessed to MMA; the $800.00 Exact invoice is assessed to the Laborde Earles Law Firm to be paid to Exact; the deposit of $84.72 and check made payable to Plaintiff for $56.48 is to be applied as a credit to Plaintiff as to any amounts she may owe MMA; and the $19.42 expenses are assessed to the Laborde Earles Law Firm.

**THUS DONE AND SIGNED** in Chambers this 22nd day of February, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**